RECEIVED
IN ALEXANDRIA, LA.

AUG 2 6 2009

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

RICHARD DWIGHT BERNARD          CIVIL ACTION NO. 09-0910
    FED. REG. #38304-083
VS.                                           SECTION P

                                                 JUDGE DRELL

WARDEN JOE KEFFER                  MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

*Pro se* petitioner Richard Dwight Bernard filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on June 1, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary, Pollock, Louisiana. Petitioner attacks his March 11, 2005 felony convictions and sentences imposed by the United States District Court for the Eastern District of Virginia. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

On October 28, 2004 petitioner pled guilty to murder during a conspiracy to distribute drugs and possession of a firearm in furtherance of a drug trafficking crime, and, on March 11, 2005 concurrent sentences of life imprisonment and 60 months

imprisonment were imposed by the United States District Court for the Eastern District of Virginia. See <u>United States v. Richard Dwight Bernard</u>, No. 3:03-cr-0420 at rec. docs. 168 and 185] He did not appeal.

On February 17, 2006 petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 arguing claims of ineffective assistance of counsel and denial of the right to an appeal. [No. 3:03-cr-0420 at rec. doc. 205; see also rec. doc. 1-4, pp. 1-16] On September 20, 2007 his motion was denied. [No. 3:03-cr-0420 at rec. doc. 246; see also rec. doc. 1-4, pp. 49-52] On August 19, 2008 petitioner's motion for certificate of appealability was denied and his appeal dismissed by the United States Court of Appeals for the Fourth Circuit. [No. 3:03-cr-0420 at rec. doc. 268; see also <u>United States v. Bernard</u>, 289 Fed. Appx. 652, 2008 WL 3863109 (4th Cir. 2008)(unpublished); see also rec. doc. 1-4, pp. 67-68]. His subsequent applications for *certiorari* and for rehearing were denied by the United States Supreme Court on January 21 and April 20, 2009. <u>Bernard v. United States</u>, ___ U.S. ___, 129 S.Ct. 1019, 173 L.Ed.2d 307 (2009) and ___ U.S. ___, 129 S.Ct. 2046, 173 L.Ed.2d 1127 (2009).

On June 1, 2009 he filed the instant petition claiming that he is in custody in violation of the Constitution and Laws of the United States and, asserting that "... he has not adequate remedy in §2255 ... because the district court and the Fourth Circuit

2

Court of Appeals have deliberately entered decisions these courts knew to be erroneous[,][r]esulting in judicial fraud and judicial tyranny against petitioner." [rec. doc. 1-3, p. 2]

### *Law and Analysis*

Petitioner contends that he is entitled to proceed pursuant to §2241 because he raises "post sentencing" errors. However, the "post sentencing" errors complained of are the judgments of the United States District Court for the Eastern District of Virginia and the United States Fourth Circuit Court of Appeals. The former court denied relief on petitioner's §2255 Motion which collaterally attacked his conviction and sentence as describe above, and the latter court denied a certificate of appealability thereafter.

Petitioner is correct insofar as he implies that *habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000).

On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks the legality of his conviction and sentence and therefore, his claim should be

advanced in a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. <u>Jeffers</u>, 253 F.3d at 830; <u>Toliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner argues that he is entitled to invoke the "savings

4

clause" because his previous §2255 Motion was erroneously dismissed. That allegation is insufficient to invoke the savings clause. Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

### *Conclusion and Recommendation*

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Alexandria, Louisiana, August 26, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE